THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:17-00245-CMC |
| v. | |
| DOUGLAS AHMAD GETER, | **OPINION and ORDER** |
| Defendant. | |

Douglas Ahmad Geter ("Geter") seeks relief pursuant to 28 U.S.C. § 2255, claiming his guilty plea and conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm are invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and therefore, should be vacated. ECF No. 67. The Government filed a motion for summary judgment in response. ECF No. 70. Geter filed a reply. ECF No. 77. This matter is ripe for resolution.

## I. Procedural Background

On March 22, 2017, a federal grand jury issued an indictment ("the Indictment"), charging Geter with a single count of being a felon in possession of a firearm, specifically charging:

> That on or about December 1, 2016, in the District of South Carolina, the defendant, DOUGLAS AHMAD GETER, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, firearms, that being, a Savage Arms, Model 62, .22 Caliber Rifle, and a Pardner, Model H&K, 12 Gauge Shotgun, all of which had been shipped and transported in interstate and foreign commerce;
>
> In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

ECF No. 3 at 1.

On May 30, 2017, Geter entered into a plea agreement ("the Plea Agreement") with the Government to plead guilty to Count 1.[1]  ECF No. 38.  Notably, the Plea Agreement obligated Geter "to be fully truthful and forthright with federal . . . law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge" and to "provide full, complete and truthful debriefings about these unlawful activities . . . ."  ECF No. 38 at 4.

Pursuant to Federal Rule of Criminal Procedure 11 ("Rule 11"), on May 31, 2017, Geter pled guilty to Count 1, pursuant to the Plea Agreement.  ECF Nos. 39, 40.  During the plea colloquy, the Government gave the following recitation of the facts it would be able to show if Geter had elected to go to trial:

> YOUR HONOR, ON DECMEBER 1ST, 2016, THE OWNER OF A SAVAGE ARMS MODEL 62, .22 CALIBER RIFLE BEARING SERIAL NUMBER 0572879 AND A PARDNER MODEL H&K 12-GUAGE CALIBER SHOTGUN BEARING SERIAL NUMBER NZ600016 CALLED THE LEXINGTON COUNTY SHERIFF'S DEPARTMENT TO REPORT THAT HIS HOME HAD BEEN BROKEN INTO THAT MORNING AND THAT THOSE FIREARMS HAD BEEN STOLEN.
>
> LATER THAT DAY, AGAIN ON DECEMBER 1ST, 2016, THE DEFENDANT, MR. GETER, WENT TO THE PALMETTO GOLD AND PAWN SHOP LOCATED IN LEXINGTON COUNTY.  HE HAD BOTH OF THOSE FIREARMS.  HE ATTEMPTED TO PAWN THEM OR SELL THEM.  HE WAS CAPTURED ON VIDEO ACTUALLY HOLDING BOTH OF THOSE FIREARMS AND HAD CONVERSATIONS WITH THE EMPLOYEES OF THAT BUSINESS WITH RESPECT TO THOSE FIREARMS.

---

[1] The Plea Agreement contained language whereby Geter waived his rights to pursue an appeal or file a motion under 28 U.S.C. § 2255 with limited exceptions.  ECF No. 38 at 8.  The Government does not argue this waiver applies or seek to enforce it in any way.  Therefore, this court will not address the matter further.  *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012) (declining to enforce *sua sponte* an appeal waiver in a plea agreement because the Government did not seek to enforce it).

HE WAS LATER QUESTIONED BY LAW ENFORECEMENT, INVESTIGATOR NICK BURKE [PH], AND HE ADMITTED TO -- MR. GETER DID AFTER BEING MIRANDIZED -- THAT HE DID POSSESS THOSE TWO FIREARMS ON DECEMBER 1ST, 2016 AT THE PALMETTO GOLD AND PAWN SHOP.

PRIOR TO POSSESSING THOSE TWO FIREARMS, MR. GETER HAD A NUMBER OF CONVICTIONS THAT CARRIED A MAXIMUM POSSIBLE PUNISHMENT OF MORE THAN ONE YEAR. A CHECK WITH THE SOUTH CAROLINA DEPARTMENT OF PROBATION, PARDEN, AND PAROLE CONFIRMED THAT HE HAS NOT RECEIVED ANY PARDON OR RESTORATION OF RIGHTS FOR ANY OF HIS PRIOR FELONY CONVICTIONS THAT HE HAS IN SOUTH CAROLINA.

BOTH THE SAVAGE ARMS RIFLE AND THE H&K .12 CALIBER SHOTGUN WERE MANUFACTURED OUTSIDE THE STATE OF SOUTH CAROLINA SUCH THAT THEY WOULD HAVE HAD TO HAVE TRAVELED IN INTERSTATE COMMERCE WHEN MR. GETER POSSESSED THEM ON DECEMBER 1ST, 2016.

ECF No. 65 at 38-39.

Immediately following the Government's factual recitation, the court asked Geter whether he agreed or disagreed "with what" the Government "says happened here?" *Id.* at 39. Geter answered: "I agree." *Id.* Additionally, in response to questions by the court on Count 1, Geter affirmatively admitted: (1) prior to December 1, 2016, he had previously been convicted of at least one crime for which he could have received a sentence of imprisonment exceeding one year; (2) on December 1, 2016, he was in knowing possession of the firearms specified in the Indictment; and (3) such firearms were made outside the state of South Carolina. *Id.* Notably, in conducting the plea colloquy on Count 1, the court followed then current law and did not advise Geter knowledge he had been convicted of a crime punishable by imprisonment exceeding one year at the time he possessed the firearms was an element of the offense. *See United States v. Langley*,

3

62 F.3d 602, 604-08 (4th 1995) (*en banc*) (holding defendant's knowledge of his felony status is not essential element of offense under §§ 922(g)(1) and 924(a)(2)), *abrogated by Rehaif*, 139 S. Ct. at 2194.

A Pre-Sentence Investigation Report ("the PSR") set forth all information necessary to calculate Geter's advisory sentencing range under the United States Sentencing Guidelines ("USSG" or "the Guidelines").[2] ECF No. 50. The PSR calculated Geter's total offense level at 17 and his criminal history category at VI, producing an advisory sentencing range under the Guidelines of fifty-one to sixty-three months imprisonment. *Id.* at ¶¶ 52, 77, 92.

With respect to Geter's criminal history, the PSR reported he has an October 2002 South Carolina state court conviction for autobreaking, for which he received an indeterminate sentence of imprisonment under South Carolina's Youthful Offender Act ("YOA"), S.C. Code § 24-19-50,[3] not to exceed five years, suspended on two-years probation. ECF No. 50 at ¶ 37. The PSR states on February 7, 2003, his probation was revoked for numerous probation violations, and his YOA sentence of imprisonment was activated. *Id.* More than three years later, on April 14, 2006, Geter was released from custody on YOA parole. *Id.* Geter failed to comply with the conditions of his YOA parole, resulting in its revocation and his return to custody on March 26, 2007. Geter remained in custody until his release more than one year later on April 2, 2008. *Id.*

_____

[2] Geter was sentenced under the 2016 Guidelines Manual, effective November 1, 2016, which remained in effect through October 31, 2018.
[3] The YOA permits South Carolina state courts to cap the maximum penalty for certain offenders at six years in custody. S.C. Code § 24-19-50.

Between the time Geter was released from custody in April 2006 and his return to custody in March 2007 on his autobreaking conviction, the PSR provides, on January 12, 2007, Geter was convicted in South Carolina state court of second-degree burglary, for which he received a sentence of five-years imprisonment, suspended on one year of service. *Id.* at ¶ 41. The PSR further reflects Geter has a December 2008 South Carolina state court conviction for possession of crack cocaine, second offense, for which he received a sentence of five-years imprisonment, suspended on time served and two-years probation. *Id.* at ¶ 43. Following a revocation hearing on this conviction on April 28, 2010, Geter received a three-year sentence of imprisonment, serving nearly one year before his release on March 17, 2011. *Id.* The PSR also provided Geter had a pending South Carolina state court charge for first-degree burglary, for which he was arrested on January 24, 2017. *Id.* at ¶ 61.

Geter raised a single objection to the PSR. Specifically, he objected to application of a specific offense characteristic/cross reference in the calculation of his total offense level. ECF No. 50-2. Notably, Geter never challenged the accuracy of his criminal history.

Pursuant to the Plea Agreement, a special agent with the Bureau of Alcohol, Tobacco, and Firearms interviewed Geter. ECF No. 47 at 2. As set forth in the parties' sentencing memorandums, during the interview, Geter provided false information regarding how he came to possess the two firearms at issue in his Indictment. ECF Nos. 47 at 2, 48 at 1. Specifically, Geter falsely denied he obtained the two firearms by burglarizing a home, which conduct was the subject of his pending state court first-degree burglary charge. *Id.* Geter's false denial violated the provisions of the Plea Agreement requiring him to be truthful about all of his criminal conduct. Subsequently, Geter and the Government reached an agreement whereby Geter should lose his

5

three-level reduction for acceptance of responsibility under the Guidelines, causing his advisory sentencing range to increase from fifty-one to sixty-three months imprisonment to seventy to eighty-seven months imprisonment.  ECF Nos. 47, 48.  The parties also agreed "the appropriate disposition," ECF No. 47 at 3, would be for Geter to be sentenced to eighty-seven months imprisonment in exchange for: (1) the Government not moving to be relieved of its obligations under the Plea Agreement on grounds of breach, and (2) the Lexington County Solicitor's Office agreeing to dismiss his pending state court first-degree burglary charge, which carried a penalty of fifteen years to life imprisonment, S.C. Code Ann. § 16-11-311.  ECF Nos. 47, 48.

At sentencing on September 5, 2017, the court granted the Government's motion to deny Geter a three-level reduction for acceptance of responsibility based upon Geter not being truthful in reference to the December 1, 2016 burglary.  ECF No. 52 at 1.  Ultimately, the court sentenced Geter to eighty-seven months imprisonment and three-years supervised release.  ECF No. 51.  Geter did not file a direct appeal.

On September 24, 2019, Geter filed the instant § 2255 motion, raising the sole claim his guilty plea and conviction on Count 1 for violating §§ 922(g)(1) and 924(a)(2) are invalid under *Rehaif*, 139 S. Ct. at 2191, and therefore, should be vacated.  ECF No. 67.  On October 11, 2019, the Government filed a motion to stay consideration of Geter's § 2255 motion pending issuance of a decision by the United States Court of Appeals for the Fourth Circuit in *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020) (orally argued Sept. 19, 2019).  ECF No. 69.  While this motion was pending, on October 15, 2019, the Government responded to Geter's § 2255 motion by moving for summary judgment on the basis Geter procedurally defaulted his *Rehaif* claim by

6

failing to raise it on direct review, and he cannot demonstrate cause and prejudice or actual innocence to excuse his procedural default.  ECF Nos. 70, 70-1.

On October 15, 2019, the court granted the Government's motion to stay the case pending a decision in *Lockhart,* which issued on January 10, 2020.  ECF No. 71.  On February 11, 2020, Geter moved for an extension of time to respond to the Government's motion for summary judgment pending issuance of a decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (orally argued December 11, 2019), *cert. granted*, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021)*.*  ECF No. 74.  The court granted the motion.  ECF No. 75.  The Fourth Circuit decided *Gary* on March 25, 2020, holding "a standalone *Rehaif* error satisfies plain error review because such an error is structural, which *per se* affects a defendant's substantial rights."  *Gary*, 954 F.3d at 200.  Just five days later, on March 30, 2020, Geter responded to the Government's motion for summary judgment, contending *Gary* "does not recognize . . . as applicable" the collateral review "concepts" of procedural default and a defendant's showing of cause and actual prejudice or actual innocence to excuse his default.  ECF No. 77.

## II.  Geter's *Rehaif* Claim

In relevant part, § 924(a)(2) provides: "Whoever knowingly violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."  18 U.S.C. § 924(a)(2).  Always beginning with the word "who," subsection (g) of § 922 in turn has nine subsections listing nine different statuses making it "unlawful" for a person "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  *Id.* § 922(g).  Among the nine statuses listed in § 922(g) are "any

7

person": (1) "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," *id.* § 922(g)(1); (2) "who has been adjudicated as a mental defective or has been committed to a mental institution," *id.* § 922(g)(4); or (3) "who, being an alien--(A) is illegally or unlawfully in the United States," § 922(g)(5).

In *Rehaif*, a jury convicted the petitioner-defendant ("Rehaif") of being an alien unlawfully in the United States in possession of firearms, in violation of § 922(g)(5) and § 924(a)(2).  139 S. Ct. at 2194.  At trial, Rehaif objected to the court's jury instruction "that the 'United States is not required to prove' that Rehaif 'knew that he was illegally or unlawfully in the United States,'" at the time he possessed the firearms as alleged in the indictment.  *Id.*  The court overruled the objection, the jury convicted Rehaif, and the court sentenced him to eighteen-months imprisonment.  *Id.*  Rehaif appealed, challenging the instruction, but the Eleventh Circuit affirmed. *Id.* at 2195.  The Supreme Court granted *certiorari.*  *Id.*

The *Rehaif* Court posed the question to be answered as follows: "Does [the word 'knowingly' in § 924(a)(2)] mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?"  *Id.* at 2194. In the immediately following sentence, the Court answered the question by holding "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Id.*  In its conclusion, the *Rehaif* Court restated its holding as follows: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the Defendant knew he possessed a firearm and

8

that he knew he belonged to the relevant category of persons barred from possessing a firearm."[4]
*Id.* at 2220.

Relying on *Rehaif*, Geter contends his guilty plea and conviction on Count 1 for being a felon in possession of a firearm in violation of §§ 922(g)(1) and 924(a)(2) is invalid because the court failed to inform him at his plea hearing his knowledge he had been convicted of a crime punishable by a term exceeding one year at the time he possessed the firearms as alleged in Count 1 is an essential element of the offense. As relief, Geter asks this court to vacate his guilty plea and conviction on Count 1.

The Government neither disputes the timeliness of Geter's § 2255 motion (given he filed it within one year of the Supreme Court's decision in *Rehaif*), nor disputes Geter's assertion *Rehaif* provides a new substantive rule which is retroactive on collateral review because it narrowed the class of persons the law punishes. *See Schriro v. Summerlin*, 542 U.S. 348, 351-53 (2004) (new substantive rule which "alters the range of conduct or the class of persons that the law punishes," falls outside general bar on retroactivity).

**A. The Government's Motion for Summary Judgement.**

Here, the Government moved for summary judgment in its favor because: (1) Geter procedurally defaulted his *Rehaif* claim by failing to raise it on direct review; (2) Geter cannot demonstrate cause and prejudice to excuse his default; and (3) Geter cannot demonstrate his actual

---

[4] Citing *United States v. Langley*, 62 F.3d 602, 604-06 (4th Cir. 1995), the Fourth Circuit first recognized in *Lockhart*, "[t]he [Supreme] Court's holding in *Rehaif* abrogated the prior precedent of this Circuit, which did not require proof of a defendant's knowledge that he belonged to the relevant category." *Lockhart*, 947 F.3d at 196.

innocence to excuse his default.  ECF No. 70-1.  The general rule on collateral review is a defendant's procedural default may be excused, thus allowing the court's consideration of his claim on the merits, if the defendant can show either cause for the default and resulting prejudice or his actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622-23 (1998); *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012).  In this action pursuant to § 2255, Geter bears the burden of proving his grounds for collaterally attacking his guilty plea and conviction by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### 1. Geter Procedurally Defaulted his *Rehaif* Claim.

The court agrees with the Government that under binding Supreme Court precedent Geter procedurally defaulted his *Rehaif* claim on collateral review by failing to challenge on direct review the constitutional validity of his guilty plea to and conviction on Count 1 on the basis the court misinformed him about the elements of the offense.  *See Bousley*, 523 U.S. at 621-22 (holding defendant who failed to challenge on direct review constitutional validity of guilty plea to federal offense on basis court misinformed him about elements of the offense procedurally defaulted the claim on collateral review).  This is so despite *Gary's* holding *Rehaif* "error is structural, which *per se* affects a defendant's substantial rights," *Gary*, 954 F.3d at 200.  *See United States v. Asmer*, 2020 WL 6827829 at *3-5 (D.S.C. Nov. 20, 2020) (holding defendant who failed to allege *Rehaif* error on direct review from his guilty plea to one count of violating §§ 922(g)(1) and 924(a)(2) procedurally defaulted *Rehaif* claim on § 2255 motion), *appeal filed*, No. 21-6064 (4th Cir. Jan. 11, 2021); *Cherry v. United States*, 2020 WL 6480921 at *1 (E.D. Va. Nov. 4, 2020) (same), *appeal filed*, No. 21-6011 (4th Cir. Jan. 5, 2021).  Thus, Geter may raise his *Rehaif* claim on collateral review in a §2255 motion only if he can first demonstrate either cause for the procedural

default and resulting actual prejudice or that a miscarriage of justice would result if the court refused to entertain his collateral attack. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."). To demonstrate a miscarriage of justice, Geter must show he is actually innocent of violating §§ 922(g)(1) and 924(a)(2), as alleged in Count 1, by clear and convincing evidence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Mikalajunas*, 186 F.3d at 493. Geter makes no claim of actual innocence.

## 2. Geter Has Not Demonstrated Cause.

Having concluded Geter procedurally defaulted his *Rehaif* claim on collateral review, the court now turns to consider whether Geter can demonstrate cause for failing to raise such a claim on direct review. The existence of cause ordinarily requires the prisoner to show some objective external impediment prevented his counsel's efforts to construct or raise the claim. *Murray*, 477 U.S. at 492. As noted earlier, Geter presents no argument on this issue. Nonetheless, he alludes to binding precedent, which at the time of his guilty plea hearing did not require the knowledge-of-status element in a prosecution under §§ 922(g)(1) and 924(a)(2). *See Langley*, 62 F.3d at 604-08 (holding defendant's knowledge of his felony status is not an essential element of offense under §§ 922(g)(1) and 924(a)(2)). To the extent Geter suggests this binding precedent prevented his counsel from raising a *Rehaif*-type claim on the basis of novelty or futility, and thus, serves to establish cause in a cause and prejudice analysis, this court rejected this argument in *Asmer*. 2020 WL 6827829 at *5-7 (relying on *Bousley* and *United States v. Sanders*, 247 F.3d 139 (4th Cir.

11

2001) to reject § 2255 movant's argument novelty and futility of raising *Rehaif*-type claim demonstrated cause for failure to raise it on direct review). *See also Wilson v. United States*, 2020 WL 4950930 at *8 (W.D.N.C. Aug. 24, 2020) (holding, in context of § 2255 motion, defendant could not demonstrate cause for failure to raise *Rehaif*-type claim on direct review), *appeal filed*, No. 20-7436 (4th Cir. Sep. 28, 2020); *United States v. Battle*, 2020 WL 4925678 at *5-6 (W.D. Penn. Aug. 21, 2020) (same), *appeal filed*, No. 20-2726 (3d Cir. Aug. 25, 2020); *United States v. Vasquez-Ahumada*, 2020 WL 3213397 at *3 (W.D. Va. June 15, 2020) (same); *United States v. Mayo*, 2020 WL 2476167 at *2 (W.D. Va. May 13, 2020) (same); *United States v. Bryant*, 2020 WL 353424 at *2-3 (E.D.N.Y. Jan. 21, 2020) (same). *But see Merritt v. United States*, 2020 WL 6568315 at *5 (E.D. Va. Nov. 9, 2020) (holding in context of § 2255 motion defendant demonstrated cause for failure to raise *Rehaif*-type claim on direct review, but denying § 2255 motion because defendant did not demonstrate actual prejudice). As in *Asmer,* there were no objective external impediments preventing Geter from raising a *Rehaif*-type claim on direct review. Accordingly, Geter has not demonstrated cause to excuse his failure to raise his *Rehaif* claim on direct review.

### 3. Geter Has Not Demonstrated Prejudice.

Because Geter failed to demonstrate cause, he cannot avoid the procedural bar to the court considering his *Rehaif* claim on the merits in the instant § 2255 motion under a cause and prejudice analysis. Accordingly, the court need not analyze the prejudice prong of the cause and prejudice analysis. However, for the sake of thoroughness, the court will proceed to consider whether, assuming *arguendo* Geter demonstrated cause, he can demonstrate prejudice, which requires a showing of actual prejudice. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To show actual

prejudice on collateral review, a defendant must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494).

### (i) Actual Prejudice Is Not Presumed Here.

Relying on the Fourth Circuit's decision in *Gary*, Geter argues he need not establish actual prejudice because of the presumed prejudice inherent in a structural error. *Gary*, 954 F.3d at 206 (holding *Rehaif* error in guilty plea context "is structural error on the ground that fundamental unfairness results when a defendant is convicted of a crime based on a constitutionally invalid guilty plea"). This court rejected this same argument in *Asmer*, relying on the procedural distinction between direct review and collateral review to hold a defendant must demonstrate actual prejudice resulting from *Rehaif* error in a cause and prejudice analysis despite *Gary's* holding*, on direct review, that *Rehaif* error is structural error, resulting in presumed prejudice under a plain-error analysis. *Asmer*, 2020 WL 6827829 at *8-10. *See also United States v. Moore*, 2021 WL 302745 at *3 (W.D. Va. Jan. 29, 2021) (same); *United States v. Claytor*, 2021 WL 62272 at *5 (W.D. Va. Jan. 7, 2021) (same); *Merritt,* 2020 WL 6568315 at *5 (same); *Cherry*, 2020 WL 6480921 at *2 n.2 (same). For the reasons set forth in *Asmer,* the court rejects Geter's argument he need not establish he was actually prejudiced by the *Rehaif* error at his guilty plea hearing in order to satisfy the actual prejudice prong of a cause and prejudice analysis. 2020 WL 6827829 at *8-10.

### (ii) Geter Has Not Demonstrated Actual Prejudice.

To show actual prejudice on collateral review, Geter bears the burden of demonstrating the *Rehaif* "error worked to his 'actual and substantial disadvantage,' not merely that the error created

13

a 'possibility of prejudice.'" *Satcher*, 126 F.3d at 572 (quoting *Murray*, 477 U.S. at 494). Here, Geter must show that, because of the court's *Rehaif* error at his guilty plea hearing, he was prejudiced by the denial of an entire judicial proceeding to which he had a right. *Cf. Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (on § 2255 motion, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'") (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (when raising a forfeited attack on guilty plea on direct review under plain error standard, defendant can only demonstrate Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea").

Geter makes no attempt to demonstrate the *Rehaif* error worked to his actual and substantial disadvantage. Indeed, he makes no assertion to the effect, but for the *Rehaif* error, he would not have pled guilty to Count 1 and instead would have insisted on going to trial. He also makes no assertion to the effect, had he gone to trial, a jury would likely not have convicted him. Under this state of affairs, the conclusion is foregone Geter has failed to meet his burden of establishing actual prejudice on collateral review.

Although the court could correctly end its actual prejudice analysis here, the court notes the undisputed evidence in the habeas record powerfully corroborates this conclusion for it ably demonstrates: (1) the Government could have presented a strong case against Geter on the missing *Rehaif* element for which he had no viable defense; and (2) pleading guilty to Count 1 offered

14

Geter a better outcome than he most assuredly would have achieved had he gone to trial. The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as "knowledge can be inferred from circumstantial evidence." *Rehaif*, 139 S. Ct. at 2198, (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).

Here, Geter admitted in the factual basis for his guilty plea that he had been convicted of a crime punishable by more than one year in prison. ECF No. 65 at 39. In addition, as noted earlier, Geter has no less than three South Carolina state court convictions for which he was sentenced to five-year terms of imprisonment. ECF No. 50 at ¶¶ 37, 41, 43. For these convictions, he had not received any pardons or restoration of his rights to legally own or possess a firearm. ECF No. 65 at 38-39. Moreover, Geter actually served a total of more than four years of his five-year sentence of imprisonment for autobreaking. From this evidence a jury could have easily inferred the missing *Rehaif* element. Furthermore, the evidence illustrates Geter had no viable defense to the element.

Not to be overlooked in the actual prejudice analysis is the fact, in exchange for Geter's agreement to plead guilty to Count 1, he avoided prosecution on the state court first-degree burglary charge. Thus, going to trial on Count 1 would have meant Geter's exposure to a state court sentence of fifteen years to life imprisonment, far longer than the sentence of eighty-seven months imprisonment to which the parties ultimately agreed and to which he was actually sentenced.

When the overwhelming strength of the case the Government could have presented at trial on the missing *Rehaif* element is considered with the benefit of the bargain Geter would have lost had he not pled guilty, the likelihood Geter would have chosen to roll the dice at trial had he known about the missing *Rehaif* element prior to his guilty plea is nil. Most importantly, Geter himself

15

has not asserted he would have made this choice.[5]   Thus, Geter has not demonstrated by a preponderance of the evidence he would have rejected the plea had the court informed him, in order to convict him on Count 1 for violating §§ 922(g)(1) and 924(a)(2), the Government would have to prove he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year at the time he possessed the firearms on or about December 1, 2016, as alleged in the Indictment.[6]   In sum, Geter has not demonstrated he suffered actual prejudice flowing from the *Rehaif* error in his case.

### III. Conclusion.

For the reasons set forth herein, Geter is entitled to no relief on his § 2255 motion. Therefore, the Government's motion for summary judgment is granted in full, and Geter's § 2255 motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[5] This case is easily distinguished from *Lee*, where the defendant satisfied the prejudice prong on his ineffective assistance of counsel claim in a § 2255 motion because, although he had no real defense to the charge of possessing ecstasy with intent to distribute and would have received a lesser prison sentence by accepting a plea rather than going to trial, he had "adequately demonstrated the reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation." *Lee*, 137 S. Ct. at 1967.

[6] Given Geter's failure to demonstrate cause and prejudice to excuse his procedural default, his failure to assert his actual innocence to excuse such default, and the lack of any viable defense, the court does not specifically address the issue of Geter's actual innocence.

16

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

     **IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 3, 2021

17